(/DEFAULT.ASPX)

Civil
Case Information
First Judicial Circuit of Ohio County

17-C-310
Judge: JASON A. CUOMO
DISKRITER, INC VS. ALECTO HEALTHCARE SERVICES OHIO VALLEY

Plaintiff(s)

Plaintiff Attorney(s)

DISKITER, INC

DAVID L. DELK, JR.

Defendant(s)

Defendant Attorney(s)

ALECTO HEALTHCARE

N/A

Date Filed: 11/03/2017
Case Type: BREACH OF CONTRACT
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A

| Line | Date | Action / Result |
|---|---|---|
| 0001 | 11/03/2017 | VERIFIED REQUEST & COMPLAINT FOR INJUNCTION; MEMO; SUMMONS ID TO |
| 0002 | | DEFS BY CM/RD; RECEIPT |

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082



EXHIBIT B

## SUMMONS
### CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DISKRITER, INC.
        PLAINTIFF,
VS.                     CIVIL ACTION NO. 17-C-310
                              JUDGE: CUOMO
ALECTO HEALTHCARE SERVICES
OHIO VALLEY, LLC, a Delaware limited
liability company.
        DEFENDANT.

To the above named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon DAVID L. DELK, JR., plaintiff's attorney, whose address is 44 1/2 15TH STREET, WHEELING, WV, 26003 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                                                                        BRENDA L. MILLER
                                                                        CLERK OF COURT

Dated: November 3, 2017

                                                  BY: _____
                                                                        DEPUTY CLERK

*Please Serve:*
*ALECTO HEALTHCARE SERVICES*
*OHIO VALLEY LLC, a Delaware Limited*
*Liability Company*
*C/O PEGGY COSTER*
*1325 LOCUST STREET*
*FAIRMONT, WV 26554*



d:\corel\boiler\civsum.wpd

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DISKRITER, INC.,
a Pennsylvania Corporation,
2840 Library Road, Ste 300
Pittsburgh, PA 15234

    Plaintiff,

v.                                                              Civil Action No. 17-C 310
                                                              Judge Cuomo

ALECTO HEALTHCARE SERVICES
OHIO VALLEY LLC, a Delaware limited
liability company,

PEGGY COSTER
1325 LOCUST AVENUE
FAIRMONT, WV, 26554

ALECTO HEALTHCARE
SERVICES WHEELING LLC, a Delaware
limited liability company,

c/o PEGGY COSTER
1325 LOCUST AVENUE
FAIRMONT, WV, 26554

ALECTO HEALTHCARE
SERVICES MARTINS FERRY LLC, a Delaware
limited liability company,

c/o Cogency Global Inc.
850 New Burton Road Suite 201
Dover DE 19904

    Defendants.

## VERIFIED REQUEST AND COMPLAINT FOR INJUNCTION

Plaintiff Diskriter, Inc., by counsel, petitions this Court for an injunction against defendants Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, and Alecto Healthcare Services Martins Ferry LLC (collectively "Alecto").

1. The Circuit Court of Ohio County has jurisdiction over this matter and venue is proper in Ohio County, West Virginia.

2. Plaintiff Diskriter, Inc. is a Pennsylvania corporation with its principal place of business in Allegheny County, Pennsylvania.

3. Defendant Alecto Healthcare Services Ohio Valley LLC is a Delaware limited liability company with its principal place of business in Ohio County, West Virginia.

4. Defendant Alecto Healthcare Services Wheeling LLC is a Delaware limited liability company with its principal place of business in Ohio County, West Virginia.

5. Defendant Alecto Healthcare Services Martins Ferry LLC is a Delaware limited liability company with its principal place of business in Belmont County, Ohio.

6. Plaintiff Diskriter, Inc. entered into a Medical Transcription Services Agreement (the "Agreement") with Ohio Valley Health Services and Education Corporation ("OVHSEC") dated January 19, 2011.

7. An addendum to the Agreement dated January 5, 2015 extended the term of the Agreement to December 31, 2018 and made Diskriter, Inc. the exclusive vendor for providing transcription services to OVHSEC.

8. At all times prior to the sale to Alecto referenced herein, OVHSEC complied with the terms and conditions of the Agreement, including utilizing Diskriter, Inc. as its exclusive vendor.

9. On or about April 17, 2017 Alecto purchased OVHSEC.

10. On or about April 17, 2017 OVHSEC assigned the Agreement to Alecto, and Diskriter, Inc. accepted the assignment.

11. After the assignment Alecto breached the Agreement by not using Diskriter, Inc. as the exclusive vendor for transcription services at the contracted locations in Ohio County, West Virginia and Belmont County, Ohio which has facilities of Alecto. In fact, as of November 1, 2017, it has ceased using Diskriter, Inc. for any transcription services. Upon information and belief, Alecto has secured the services of a third-party competitor to perform the services covered by the Agreement at issue herein.

12. As a result of the breach of the Agreement, Diskriter, Inc. has experienced a significant loss of revenue, money damages and interruption of business resulting in immediate and irreparable harm to Diskriter, Inc.

13. As a direct result of the breach of the Agreement, Diskriter, Inc. is incurring a monthly revenue loss which approximates $60,000.00.

14. Diskriter, Inc. has invested significant time and investment in being prepared to complete its obligations under the Agreement. This includes the significant investment in finding, securing, training, and compensating employees specifically to perform this Agreement. Diskriter, Inc. on average has a staff of twenty-seven (27) full time employees to service the Agreement. For each full-time employee, three hundred thirty hours of work is required to recruit, find, hire and train employees to provide the services required under the Agreement. The average replacement cost per employee is approximately $6,600.00, and the average annual education and mentoring cost per employee on the Agreement is $2,059.00. Over the last six years Diskriter, Inc. has

hired approximately eighty-four (84) employees to retain the necessary manpower to service the Agreement.

15. Diskriter, Inc. has invested significant amounts of money in equipment and information technology to service the Agreement. In excess of $120,000.00 has been invested annually in dictation equipment and related maintenance and servicing of the equipment and training of healthcare workers on the equipment and related IT system at the facilities covered by the Agreement. Diskriter, Inc.'s costs to perform under the Agreement, which have been invested and cannot be recovered or billed out, include research, program design, development, installation, testing, IT infrastructure, network, system support and system maintenance.

16. If the injunction is not issued, Diskriter, Inc. will suffer the irreparable losses related to its investment in employees, equipment and IT infrastructure, and will be required to lay off and/or terminate the current twenty-seven (27) full-time employees whose currently service the Agreement. These losses will cause irreparable harm to Diskriter, Inc. cannot be completely cured by a subsequent win in Arbitration. In addition to the losses incurred presently, even if the arbitrator were to award as damages an amount to cover all lost revenues for transcription services as occasioned by the breach, given the limited remaining length of the Agreement it would be impractical and cost prohibited for Diskriter, Inc. to invest the time, money, and resources required in finding, securing, training, and compensating employees to perform on the remaining an Agreement.

17. The Agreement contains an arbitration provision to address the monetary losses of Diskriter, Inc. but does cannot meaningfully address the lost employment of 27

individuals, and will not adequately address the immediate, ongoing and irreparable damage and interruption to the business of Diskriter, Inc. caused by the breach of the Agreement by Alecto.

### Count I

### Request for Permanent and Preliminary Injunction

18. Plaintiff re-alleges the allegations in Paragraphs 1-17 of this Complaint.

19. West Virginia Code Section 53-5-4 provides for the general jurisdiction of a Circuit Court to grant an injunction, and Rule 65 of the West Virginia Rules of Civil Procedure governs the issuance of injunctions.

20. Plaintiff Diskriter, Inc. requests that this Court enter a preliminary injunction followed by a permanent injunction enjoining Alecto from utilizing any other transcription services vendor while the Agreement is in full force and effect.

21. As is set forth herein, Plaintiff Diskriter, Inc. will experience irreparable harm to its business operations without the injunction.

22. Alecto will experience no harm with the issuance of an injunction as it will simply preclude Alecto from retaining or continuing with the services of the third party to perform the services. Instead, Alecto will be required to continue its obligation under the Agreement, which means its transcription requirements will be performed by Diskriter, Inc. under the terms of the agreement.

23. Plaintiff Diskriter, Inc. will succeed on the merits at arbitration as it is uncontroverted that Alecto is not using Diskriter, Inc. as its exclusive vendor which is a violation of express terms of the Agreement.

24.	An injunction in favor of Diskriter, Inc. is in the public interest to discourage large corporations after the purchase of a local entity from breaching contracts for which it voluntarily had agreed to accept the terms and obligation upon assignment.

Plaintiff Diskriter, Inc. requests that the Court enter a preliminary injunction enjoining and restraining Alecto immediately from using any other transcription service, followed by a hearing for the issuance of a permanent injunction.

WHEREFORE, plaintiff Diskriter, Inc. requests that the Court enter a preliminary injunction and then permanent injunction enjoining defendants Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, and Alecto Healthcare Services Martins Ferry LLC from utilizing the transcription services of any other person or entity during the term of the Agreement. Plaintiff Diskriter, Inc. further request that the Court award it any allowable costs and expenses for this action, and for such other relief as the Court deems fair, just and equitable.

Verified by Plaintiff Diskriter, Inc.

BY: _____
    Shaleen Vajpayee

ITS: President

STATE OF Pennsylvania

COUNTY OF Allegheny, to-wit:

On the 3rd day of November, 2017, before me a notary public, the undersigned officer, personally appeared Shaleen Vajpayee, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained and verified as truthful the contents of the Complaint.

_____
Notary

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Suzan Ann Bogden, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Oct 5, 2019

Respectfully Submitted:

Of counsel for Plaintiff Diskriter, Inc.

Jeffrey A. Grove, Esq. (#6065)
David L. Delk, Jr. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961