IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DISKRITER, INC.,
a Pennsylvania corporation,

    Plaintiff,

v.                                 Civil Action No. 5:17CV170
                                             (STAMP)
ALECTO HEALTHCARE SERVICES
OHIO VALLEY LLC,
a Delaware limited
liability company,
ALECTO HEALTHCARE SERVICES
WHEELING LLC,
a Delaware limited
liability company and
ALECTO HEALTHCARE SERVICES
MARTINS FERRY LLC,
a Delaware limited
liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**

I.   Procedural History

This civil action arises out of a verified request and complaint for injunction. ECF 1-2 at 7. Pursuant to 28 U.S.C. § 1441 and § 1446, defendants Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, and Alecto Healthcare Services Martins Ferry LLC ("defendants," and collectively, "Alecto"), removed this action from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia. ECF No. 1.

Defendants then filed a motion to dismiss or, in the alternative, to compel arbitration and stay this civil action

pending arbitration.  ECF No. 2.  Plaintiff filed a response in opposition to defendants' motion and, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 78.01, requested a hearing on plaintiff's motion for a preliminary injunction and in opposition to defendants' motion to dismiss.  ECF No. 4.  Defendants filed a reply in opposition to plaintiff's request for preliminary injunction.  ECF No. 11.

Pursuant this Court's order (ECF No. 12), a hearing was held on the plaintiff's motion requesting a preliminary injunction on January 4, 2018.  At the hearing, the parties acknowledged that the dispute over the contract arising out of the Medical Transcription Services Agreement ("the Agreement") is subject to arbitration and that the arbitration has already been initiated.  During the hearing on the motion for preliminary injunction, the parties elicited witness testimony, and this Court admitted certain exhibits into evidence.  The parties then represented that they would both request a copy of the hearing transcript and stated that setting a deadline to submit a supplemental memorandum regarding the plaintiff's motion for preliminary injunction one week after receipt of the transcript was agreeable.

Further, as indicated at the conclusion of the hearing, defendants' motion to dismiss (ECF No. 2) was denied and defendants' motion to compel arbitration and stay pending arbitration was granted.  Per this Court's previous order confirming the pronounced order of the Court during the hearing

(ECF No. 15), this civil action has been stayed pending arbitration, with the exception of the Court's consideration of, and ruling upon plaintiff's motion for preliminary injunction. The parties were then each directed to file a supplemental memorandum as to plaintiff's motion for preliminary injunction. ECF No. 15.

Defendants filed a supplemental brief in opposition to plaintiff's request for preliminary injunction (ECF No. 18) and plaintiff filed a supplemental memorandum of law in support of request for preliminary injunction (ECF No. 19).

The plaintiff's motion for preliminary injunctive relief is now fully briefed, has been argued by the parties at the evidentiary hearing, and is ripe for decision. For the reasons set forth below, this Court finds that Diskriter has failed to make a 'clear showing' that it is entitled to such relief under the four factor test and that Diskriter's motion for preliminary injunctive relief should be denied.

## II. Background

Plaintiff Diskriter filed this action in the Circuit Court of Ohio County, West Virginia, requesting the court enter a preliminary injunction and then permanent injunction enjoining the defendants Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC and Alecto Healthcare Services Martins Ferry LLC from utilizing the transcription services of any other person or entity during the term of the Agreement. ECF No. 1-2 at 9.

3

Defendants removed this action to the United States District Court for the Northern District of West Virginia. ECF No. 1.

Defendants then filed a motion to dismiss plaintiff's complaint or, in the alternative, to compel arbitration and stay pending arbitration. ECF No. 2. The defendants assert the Court must dismiss plaintiff's complaint, contending that all issues contained in the complaint are arbitrable under the Agreement. Alternatively, the defendants assert the Court should compel plaintiff to submit this matter to arbitration and stay the proceeding pending arbitration.

Plaintiff Diskriter filed a response (ECF No. 4) to the defendants' motion to dismiss or, in the alternative, to compel arbitration and stay pending arbitration, and requested a hearing on the motion for a preliminary injunction. Plaintiff clarifies in its response, "[b]y the express terms of the Complaint, Plaintiff advises that the merits of its claim for breach of contract are to be resolved at arbitration" and that "[t]he present action involves one issue, the request for this Court to issue first a preliminary injunction followed by a permanent one while the arbitration process is pending." ECF No. 4 at 2. Plaintiff seeks an injunction pursuant to Federal Rule of Civil Procedure Rule 65 "to protect the status quo and avoid plaintiff from incurring irreparable harm, primarily related to the termination of twenty-seven (27) full-time employees and loss of revenue and capital investment in the performance of the Agreement, while the

4

arbitration process is pending." ECF No. 4 at 3. Plaintiff asserts, "[t]he Complaint seeks not a resolution by this Court as to whether Defendants violated the Agreement or owe any damages, but an injunction requiring Defendants to perform under the Agreement until the substantive breach and damages can be addressed by the parties in Arbitration" and is only asking "that this Court protect the status quo during the arbitration process." ECF No. 4 at 3.

Defendants filed a reply in opposition (ECF No. 11) to plaintiff's request for preliminary injunction hearing and assert that plaintiff is not entitled to the extraordinary relief it seeks because plaintiff is unable to prove that it is likely to succeed on the merits, prove irreparable harm, prove that the balance of equities tips in its favor, and unable to prove that a preliminary injunction is in the public interest. Defendants assert that the Court should deny plaintiff's request for preliminary injunction and permit the submission of this matter to the American Arbitration Association, as required by the contractually binding Medical Transcription Services Agreement.

This Court held an evidentiary hearing on the plaintiff's motion for a preliminary injunction. At the hearing, plaintiff presented the testimony of one witness: Laveena Yadav, the Chief Executive Officer ("CEO") of Diskriter, Inc. Plaintiff introduced three exhibits: the Medical Transcription Agreement ("Agreement"); the Consent to Assignment of Contract; and a letter dated September

20, 2017, from Diskriter's counsel to defendants demanding an accounting from Ohio Valley Health Services & Education. Plaintiff's CEO testified that the company had not "terminated" service, but had "suspended" service on two separate occasions. Diskriter claims that because defendants owed monies to the company for past invoices, there was justification for shutting down services and holding patient medical records until payment was made.

Defendants presented the testimony of one witness, former Ohio Valley Medical Center/East Ohio Regional Hospital Chief Financial Officer ("CFO") Lisa Simon, and introduced seven exhibits, which consisted of e-mail correspondence between representatives of plaintiff and defendants. Former CFO Simon testified that she and Ms. Yadav discussed the need for transcription services, the possibility of "old school" doctors not switching to the voice recognition software, and the agreement that Diskriter would be the sole vendor for transcription services. The parties disagree as to whether the medical transcription services contemplated by the Agreement are distinct from voice recognition software that does not involve an outside typist/transcriptionist, and submit that issue is subject to arbitration.

At the conclusion of the hearing, the defendants' motion to dismiss (ECF No. 2) was denied and defendants' motion to compel arbitration and stay pending arbitration was granted. ECF No. 15. Thus, this civil action has been stayed pending arbitration, with

the exception of the Court's consideration of, and ruling upon plaintiff's request for preliminary injunction.

### III. Applicable Law

The United States Court of Appeals for the Fourth Circuit has held that "under certain circumstances, a district court has the discretion to grant one party a preliminary injunction to preserve the status quo pending the arbitration of the parties' dispute." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1052 (4th Cir. 1985) (finding injunctive relief prior to staying a case for arbitration appropriate where denial of such relief would deprive the opposing party of relief, rendering the arbitration a 'hollow formality'). A district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied. Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir. 1989).

The standard for granting injunctive relief in this circuit is set forth in International Refugee Assistance Project v. Trump, 857 F.3d 554 (4th Cir. 2017), cert. granted, 137 S. Ct. 2081 (2017). "A preliminary injunction is an 'extraordinary remedy,' which may be awarded only upon a 'clear showing' that a plaintiff is entitled to such relief." Int'l Refugee Assistance Project, 857 F.3d at 607-08 (citing Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7 (2008))). Under the

Fourth Circuit standard of review, "[a] preliminary injunction must be supported by four elements: (1) a likelihood of success on the merits; (2) that the plaintiff likely will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor, and (4) that a preliminary injunction is in the public interest." Id. at 608 (citing Real Truth, 575 F.3d at 346).

IV. Discussion

Following a review of the parties' briefs, an evidentiary hearing in this matter, and pursuant to an analysis under the four International Refugee / Real Truth factors for preliminary relief, this Court finds that plaintiff has failed to meet its burden of proof to obtain the extraordinary remedy of preliminary injunctive relief in that the four elements required for such relief have not been clearly established based on the record in this case.[1]

---

[1] This Court's decision is based solely upon the record established in this civil action and the testimony and exhibits introduced to date into evidence at the hearing on plaintiff's motion for a preliminary injunction. Defendants submitted affidavits prior to the hearing, attached as exhibits to defendants' reply in opposition, consisting of the "Declaration of Rick Scherich" and the "Declaration of Carol Talkington" (ECF Nos. 11-1, 11-2). While defendants may be correct in arguing that there may be occasions where the Court is permitted to consider hearsay evidence at this time for the purposes of ruling on the plaintiff's request for preliminary injunctive relief under Univ. of Tex. v. Camenisch, 451 U.S. 390 (1981) and League of Women Voters of N.C. v. North Carolina, 769 F.3d 224 (4th Cir. 2014) (ECF No. 18 at 5 n.2), this Court notes that its decision is based solely upon the record established and the exhibits admitted at the hearing and testimony of witnesses at the hearing, and that it is not necessary to consider the defendants' affidavits for purposes of this decision.

This Court notes that this civil action has already been submitted to arbitration,[2] with the exception of this Court's consideration of, and ruling upon plaintiff's motion for preliminary injunction. ECF No. 15. In its analysis of the four factors set out above, this Court must consider the merits of plaintiff's claim in order to determine, among other things, plaintiff's likelihood of success. This Court cannot, and will not, rule on claims which the parties have agreed are subject to arbitration under the binding agreement. However, this Court must consider the merits of Diskriter's argument in order to analyze the factors under the test set forth in <u>International Refugee</u> / <u>Real Truth</u>. The four factors are discussed, in turn, below.

Looking at the first of the four factors, this Court finds that the plaintiff has not clearly shown that it is likely to succeed on the merits. The evidence presented at the hearing is insufficient for this Court to find that Diskriter has satisfied the first factor of the test set out above. Plaintiff asserts that "Diskriter will succeed on the merits as plaintiff [sic][3] has

---

[2]This decision, and the Court's analysis under the <u>International Refugee</u> / <u>Real Truth</u> test, is in no way intended to, and should not, influence or affect the decision of the arbitrator. The arbitrator, of course, will make his or her decision based upon all of the evidence presented to the arbitrator which might include, in part, evidence which was presented as part of the preliminary injunction hearing.

[3]The Court has construed plaintiff's argument to be "Diskriter will succeed on the merits as [defendant] has admitted to breaching the Agreement by utilizing another vendor in addition to M*Modal to handle transcription services."

admitted to breaching the Agreement by utilizing another vendor in addition to M*Modal to handle transcription services." ECF No. 19 at 3. However, plaintiff's CEO testified that the company had not "terminated" service, but had merely "suspended" service on two separate occasions because defendants owed monies to the plaintiff for past invoices. The evidentiary record before this Court is unclear as to whether plaintiff had a right to shut down services provided to the defendants under the agreement without proper notice or opportunity to cure prior to suspending services. Paragraph 18 of the Medical Transcription Services Agreement (ECF No. 14-1), introduced at the hearing and admitted as Plaintiff's Exhibit No. 1, states, in pertinent part, as follows:

> 18. <u>Termination</u>. This Agreement may be terminated only by written notice as provided for in this Section, for the following reasons:
>
>> a. Cancelable by either party for a breach of this Agreement by the other party hereto, upon thirty (30) days' written notice, specifically stating the cause of cancellation. If the non-canceling party shall cure the breach within thirty (30) days of receiving such notice, said cancellation shall be null and void. If breach is not cured within that thirty (30) day period, the cancellation shall be effective at the end thereof without any subsequent notice being required.

ECF No. 14-1 at 5.

At the hearing, upon inquiry by defense counsel, plaintiff's witness, Diskriter's CEO, stated, "We were not terminating the contract. We just suspended the service." ECF No. 16 at 42. In response to the question, "Is there anywhere in the contract that

allows you to terminate services without any warning to the hospital?," Diskriter's witness asserted, "No. We did not terminate the service. We just suspended them." Id.

Defendants assert that "[f]ollowing Plaintiff's August 25, 2017, breach of the Agreement and improper cessation of transcription services, Defendants contacted an alternative transcription vendor, iMedX, to provide transcription services as might be required based on Plaintiff's conduct in order to ensure that patient care continued without interruption." ECF No. 11 at 4. These competing allegations are viable arguments to be advanced during the arbitration proceedings. Further, the parties disagree whether the medical transcription services contemplated by the Agreement are distinct from voice recognition software that does not involve an outside transcriptionist. These issues raise doubt as to whether plaintiff is likely to succeed on the merits of its claim against the defendants. Thus, this Court finds Diskriter has not clearly shown that it is likely to succeed on the merits, and has failed to meet the first factor of the test.

Second, this Court finds that the Diskriter has failed to show that it is likely to suffer irreparable harm in the absence of preliminary relief. The plaintiff must show "that injury is certain, great, actual and not theoretical." Harper v. Blagg, No. 2:13CV19796, 2014 WL 3750023, at *2 (S.D. W. Va. May 21, 2014) (quoting Tanner v. Fed. Bureau of Prisons, 433 F. Supp. 2d 117, 125 (D.D.C. 2006)). Here, there is insufficient documentary or

11

testimonial evidence to support a claim of irreparable harm. Diskriter's request for a hearing on its requests for a preliminary injunction asserts "defendants were in breach of the Medical Transcription Services Agreement [] between Diskriter and the Defendants [], and such breach [is] causing irreparable harm to Diskriter while Diskriter was attempting to assert its contractual rights through arbitration." ECF No. 19 at 1.

This Court finds, however, that such a showing has not been made. The alleged harm that plaintiff claims to be suffering is the termination of five transcriptionists from the company, the possible termination of up to 27 transcriptionists as a result of decreased work, and potential harm to Diskriter's professional reputation. This Court finds that, at this point, the evidence of possible damage to plaintiff's reputation is speculative and insufficient to clearly show irreparable harm. Further, this Court finds that the possible termination of up to 27 transcriptionists as a result of decreased work is also speculative and has not been clearly shown based upon the evidence submitted at the hearing. Diskriter's CEO testified at the hearing that five employees have been terminated at this time, but was unable to say when and if other employees would be terminated. Further, no financial documentation was presented to the Court as evidence of Diskriter's financial status, nor was there sufficient evidence to reflect the amount of work these transcriptionists were doing prior to the alleged breach in September 2017 to clearly prove any effect

defendant's alleged actions may have had. Diskriter asserts that it "is facing the prospect of eliminating a significant number of jobs if the status quo is not maintained, and if no preliminary injunction is issued, Diskriter is then facing unknown additional training costs when it has to hire new employees in the future once it prevails in arbitration." ECF No. 19 at 4. However, issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365, 375–76, 172 L. Ed. 2d 249 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam)). Diskriter has failed to make a clear showing that it is likely to suffer irreparable harm in the absence of preliminary relief, and has failed to satisfy the second factor of the test.

Third, this Court finds that the Diskriter has failed to show that the balance of equities tips in its favor. Plaintiff advances arguments concerning money damages, the termination of employees, concern in maintaining the status quo, the volume of transcription services provided by defendants being reduced "from 150 to 300 jobs per day to now 1 to 5 jobs per day" (ECF No. 19 at 3), and damage to its professional reputation. Defendants, on the other hand, advance arguments regarding the need for consistent and efficient medical recordkeeping, the effects of technological advancement in

the medical transcription industry, and argument related to justify the hiring of iMedX as a back-up company for standard transcription services due to the abrupt stoppage of services on two separate occasions and the need to ensure continued hospital functions and patient care. ECF No. 18 at 5. This Court finds that Diskriter has failed to make a clear showing based upon the present record that the balance of equities tips in its favor, and has failed to satisfy the third factor under the test.

Finally, this Court finds that Diskriter has failed to show that a preliminary injunction is in the public interest. Diskriter asserts that Alecto has "blatantly used it[s] corporate power to breach a contract and place a smaller company at the whim of the defendants" and "should be required by a preliminary injunction to maintain the status quo and use Diskriter's services while the arbitration process plays out." ECF No. 19 at 4. Alecto argues that "it cannot be in the public interest to allow a company prone to abruptly stopping vital hospital services and effectively holding medical records hostage for payment to be permitted to maintain that status quo" and that defendants "must maintain smooth operations" and "comply with federal regulations and seek incentive programs to reduce healthcare costs overall." ECF No. 18 at 9. Considering the balancing of equities, Diskriter has failed to make a clear showing that granting preliminary injunctive relief to maintain "the status quo for the arbitration process to play out"

(ECF No. 19 at 5) is in the public interest, and has failed to satisfy the fourth factor under the test.

Diskriter has not produced sufficient evidence that could lead this Court to conclude that this is an extraordinary circumstance requiring the extraordinary remedy of preliminary relief. The factors above have not been satisfied and Diskriter has failed to make a 'clear showing' that it is entitled to such relief. The Court therefore finds that Diskriter's motion for preliminary injunctive relief should be denied.

## V. Conclusion

For the reasons stated above, the plaintiff's motion for a preliminary injunction (ECF No. 4) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   January 25, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE